[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (CASE OF FIRST IMPRESSION)
Facts
The plaintiff is the holder of a permit to sell alcoholic beverages at a retail store and in 1991 was in that business in the city of Meriden.
The defendant on the dates in question in 1991 was under the age of 21 and admitted that he had been in the plaintiff's premises 10 times in 1991 and had purchased alcoholic beverages himself 5 times.
On September 21, 1991, the defendant purchased a quantity of beer from the plaintiff and was apprehended by the police. As a result of this episode, the plaintiff was cited by the Liquor Control Commission and was eventually fined $450. and his store shuttered for 5 days. In addition to lost income of approximately $2,160.00, the plaintiff expanded $3500 in legal fees.
In this action, the plaintiff seeks to recover these losses from the defendant, alleging that he was induced to make these sales to the defendant by "false verbal and written representations" of the defendant, at all times believing him to be of the legal age to purchase alcoholic beverages. The defendant's actions are characterized as "fraud and misrepresentations".
Counsel are unable to cite a prior Connecticut case addressing this issue which went to judgment. The court can find no such case. CT Page 4262
Discussion
The plaintiff and an employee testified that the defendant presented to them a valid Connecticut driver's license showing his age to be 21. After a while, satisfied he was 21, they stopped checking his identification.
The defendant stated that prior to the September 21 episode, a companion of his used an "ID" when they purchased beverages, but that he never showed any "ID" and on occasions when he was asked his age, he would respond to the plaintiff that he would bring "ID" next time. One could infer from this that the defendant was claiming to be 21. The defendant denied ever presenting a false driver's license and testified that on September 21, the Meriden police seized his license which showed him to be 20 years old.
Section 30-86 of our General statutes imposes penalties on permittees who sell to minors, subject to three exceptions, none of which are pertinent to this case. However, a permittee can protect himself from penalty by following Section 30-86a(a). This section allows a permittee to have "any person whose age is in question" fill out and sign a form in which the declarant represents himself to be 21 years of age, acknowledges he is signing the form to induce the sale to him and acknowledge he is subjecting himself to a fine for misrepresenting his age.
Then, by virtue of Section 30-86a (b) such permittee has a defense to a violation of section 30-86:
 (b) In any case where such a statement has been procured and the permittee is subsequently charged with serving or furnishing alcoholic beverages to a minor, if such permittee, in proceedings before any court of this state or the department of liquor control, introduces such statement in evidence and shows that the evidence presented to him to establish the age of the purchaser was such as would convince a reasonable man, no penalty shall be imposed on such permittee.
The legislature has thus imposed liability on permittees who sell to minors, but has provided them with a simple process to protect themselves. In effect, the harsh terms of § 30-86
CT Page 4263 have been softened by § 30-86a.
The plaintiff in this case neglected to utilize this process and now urges the court to hold the defendant liable for the damages he incurred but which he had the means to avoid.
Conclusion
The legislature has expressed its concern over sales to minors by liquor retailers but has also recognized the practicalities of the business world and addressed a potentially unfair burden on them. The court finds it would be contrary to public policy to permit this plaintiff to shed his responsibility for violating § 30-86 and hold the defendant responsible.
Though the plaintiff's action does not sound in negligence, the court notes that it was his failure to avail himself of the benefit of § 30-86a that really caused his financial losses. In fact, that is the "proximate cause" of his damages.
The court does not find the defendant used a false ID. Since the police recovered his license showing his age to be 20, the court accepts the defendant's testimony, that he made his purchases by promising to bring his ID next time. Thus, he did impliedly represent that he had an ID and that it would prove he was of age. However, the plaintiff's failure to act was a supervening cause of any injury he incurred.
Judgment may enter for the defendant.